UNITED STATES DISTRICT FOR THE COURT MIDDLE
DISTRICT OF TENNESSEE AT NASHVILLE

**WYNDHAM VACATION
RESORTS, INC.,**

    **Plaintiff,**

VS.                                                               Case No.:  2:12-0096

**THE CONSULTING GROUP, INC.,**         Judge Trauger
**SUPERIOR VACATIONS, INC.,**           Jury Demanded
**SUPERIOR TIMESHARE CLOSING,
RAY SPIGNER, MICHAEL DEAN
SPIGNER, CHARLES SIMERKA,
JUDITH McGINTY, and
JOHN AND JANE DOES 1 – 10,**

    **Defendants.**

## AGREED PROTECTIVE ORDER GOVERNING DISCOVERY

      It appearing that the Parties are in agreement, as evidenced by the signatures of counsel below, and it further appearing that, pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, there is good cause for the entry of this Protective Order ("Order") and that the interests of justice require the entry of this Order to protect the Parties, as provided herein, from public disclosure of information considered confidential; and

      WHEREAS, the Parties stipulate and agree that discovery in the above-entitled civil action ("Action") may involve the production of documents and/or information that the Parties and others may consider to be confidential and/or protected by statutory or other legal privileges; and

1

WHEREAS, each Party recognizes that the unprotected disclosure of either Party's information deemed protected by this Order will be harmful to the Party producing the information and/or the individual(s) about whom the information pertains; and

WHEREAS, the Parties reserve the right to object to any discovery request that they believe should not require the production of any documents or information; and

WHEREAS, the Parties reserve the right to object to the confidential designation of any information or documents developed in the course of discovery.

IT IS HEREBY ORDERED by the Court, that:

1. <u>Scope of Order</u>. This Order shall govern the use and disclosure of all alleged confidential information produced by or on behalf of any Party or furnished by any person associated with any Party on or after the date of this Order in any pleading, discovery request, discovery response, document production, subpoena, or any other disclosure or discovery proceeding in this Action. Any alleged confidential information produced in discovery shall only be used for the purposes of preparing for and conducting this Action and only as provided in this Order.

2. <u>Confidentiality Designations</u>. Any Party, person, or entity producing information in this Action may designate any document, information, thing, or discovery response as protected by marking it at or before the time of production or exchange with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY," based on the appropriate level of confidentiality with which the document, information, thing, or discovery response should be treated as further set forth herein. If it is impracticable to mark something with such a legend (e.g., information contained on a computer hard drive), the designation may be made in writing.

(a) All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) information the Producing Party ordinarily treats as confidential or would not be subject to public disclosure or (b) information subject to a legally protected right of privacy.

(b) The designation of material as "HIGHLY CONFIDENTIAL" is reserved for:

The personal information and compensation/financial records of any Party's employee or independent contractor and such other information as may be hereinafter designated by counsel for either Party, as provided for herein.

(c) All "ATTORNEY ONLY" designations must be based on the same good faith belief as "HIGHLY CONFIDENTIAL" designations, and additionally must be based on the good faith belief that disclosure of such material to anyone other than the individuals identified in paragraph 6(c) below would cause significant harm to the Producing Party or any individuals or entities who are the subject of the material designated "ATTORNEY ONLY".

3. <u>Definitions</u>. For the purposes of this Order, the following definitions shall apply:

(a) "Party" shall mean a Party to this Action and any employee, agent, or attorney of such Party;

(b) "Confidential Information" shall refer to all documents labeled "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" and the information contained therein;

(c) The word "document" not only refers to any physical documents but also electronically stored information ("ESI") in the possession, custody, or control of the Parties or any individual or entity under the control or direction of the Parties. The term "documents" or "ESI" shall have the same meaning and be equal in scope to the usage of this term as set forth in Federal Rule of Civil Procedure 34;

(d) "Producing Party" shall mean a Party to this Action or third-party who furnishes confidential information;

(e) "Receiving Party" shall mean a Party to this Action to whom confidential information is furnished; and

(f) "Disclose" shall mean to reveal, provide, describe, characterize, or make known to any person any document or other information designated as "Confidential Information."

4. <u>Undertaking</u>. Any documents or materials marked either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" shall be held in confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal or confirmation of this Action; shall not be used for any personal, business, or commercial purpose; and, shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities. For purposes of this Order, the term "secure facilities" means a law firm in which a lawyer: (a) acts as the custodian of such documents and materials; (b) executes a copy of the Agreement to Maintain Confidentiality before receiving any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" materials; and, (c) maintains those materials in a manner consistent with the protection of other confidential information and/or materials in the possession of the custodian.

5. <u>Manner of Designation</u>.

(a) The production and/or designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" on all or any part of the document or thing. Wherever practicable, the

designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" shall be made prior to, or contemporaneously with, production or disclosure. Documents or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" before entry of this Order shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" within the meaning of this Order. The non-designating Party may challenge any designation of confidentiality in accordance with Paragraph 12.

(b) Deposition transcripts in this Action concerning the personal information and compensation/financial records of any Party's employee or independent contractor shall be treated by all Parties as provisionally protected as "HIGHLY CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts. Within the fourteen (14) day period, a Party may designate particular portions of a transcript as "HIGHLY CONFIDENTIAL" information by giving written notice of such designation to every other Party to the Action. To the extent possible, a Party shall be responsible for assuring those portions of the deposition transcript and exhibits designated "HIGHLY CONFIDENTIAL" are appropriately bound by the reporter. The Party should avoid designating entire transcripts as "HIGHLY CONFIDENTIAL" where only a portion thereof or the exhibits used therewith qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated. Failure of a Party to so designate any particular portion of the transcript establishes that such portion is not subject to this Order.

(c) In the event that a Party is permitted by agreement or by order of the Court to inspect or review documents prior to production, all documents and things produced at such inspection will be considered to be "HIGHLY CONFIDENTIAL" or "ATTORNEY ONLY" as designated

by the Producing Party. At the time documents and things are actually produced, however, an appropriate designation, if any, shall be placed on each document or thing in accordance with this Order.

6. Use and Access of Confidential Information.

(a) CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things, or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

(i) the Court, or any Court personnel, and any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action; and

(ii) Counsel for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this Action; and

(iii) any person identified from the four corners of the information, document, or thing itself as having authored or previously received the information, document, or thing; and

(iv) the Parties to this Action, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

(v) any actual or potential witness, provided that said witness has executed a certification in accordance with Paragraph 7 below; and

(vi) any person testifying at a deposition, provided that said person has executed a certification in accordance with Paragraph 7 below; and

(vii) any expert or technical advisor retained, employed, or consulted by any party for the purposes of this Action, provided that said experts or technical advisors have executed a certification in accordance with Paragraph 7 below; and

(viii) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 7 below.

(b) HIGHLY CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things, or information designated as "HIGHLY CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

(i) the Court, or any Court personnel, and any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action; and

(ii) Counsel, and in-house counsel, for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this Action; and

(iii) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document, or thing; and

(iv) any expert or technical advisor retained or employed by any Party for the purposes of this Action, provided that said experts or technical advisors have executed a certification in accordance with Paragraph 7 below; and

(v) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 7 below.

(c) ATTORNEY ONLY: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things, or information designated as "ATTORNEY ONLY" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

(i) The counsel(s) of record; and

(ii) associated attorneys of such counsel, and their direct support staff, including paralegals, law clerks, and clerical personnel, employed by counsel of record in the preparation for, and the trial of, this action; and

(iii) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 7 below.

7. <u>Disclosure to Witnesses and Technical Advisers and Certification of Confidentiality</u>.

Before giving any witness or technical adviser access to information, documents, or things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Party's Counsel who seeks to disclose such information to such witness or technical adviser shall require the witness or technical adviser to read and agree to be bound by this Order by signing a certification in substantially the form of the Agreement to Maintain Confidentiality attached hereto as Exhibit A.

The term "technical adviser" shall mean any person, including but not limited to a proposed expert witness or consultant or consulting expert, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

8. <u>Safeguarding Confidential Information</u>. The recipient of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" material provided pursuant to this Order shall maintain such information in a secure facility and shall exercise due and proper care with respect to its storage, custody, and use, so long as it remains so designated.

9. <u>Filing Protected Materials in Court</u>. Unless agreed otherwise by the parties in writing, any Party incorporating information deemed protected under this Order into a document to be filed in a court shall seek leave to file such protected material under seal.

10. <u>Final Disposition</u>. Within ninety (90) days of the conclusion of this Action, including any appeals, all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" information furnished pursuant to the terms of this Order, and any notes reflecting such protected information and all copies thereof, which are not in the custody of the Court, shall be returned to the respective Producing Party or be destroyed (and certified by affidavit as having been destroyed) by the Party in possession thereof, provided that counsel for the Parties may retain their notes and any work product materials and litigation files.

11. <u>No Presumption of Protected Status</u>. This Order does not address discovery objections, nor does it preclude any Party from asserting objections to any discovery request for any reason permitted by the applicable rules of civil procedure or as otherwise permitted by law. This Order does not preclude any Party from moving for any relief cognizable under the applicable rules of civil procedure.

11. <u>Challenging Confidential Designation</u>. A Party may oppose the designation of information as protected under this Order by notifying the Producing Party in writing. If a Party opposes the designation of any particular document or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY," the Parties shall make a good faith attempt to resolve the dispute by agreement. If the Parties are unable to resolve the dispute, then the Party opposing the designation may file a motion with the Court to have the designation modified or removed. The burden remains on the designating party to demonstrate the propriety of the designation. Until a motion is filed and resolved by the Court,

all documents and materials for which a confidential information designation is being challenged shall be treated in the confidential manner that they have been designated by the Producing Party as prescribed in this Order. Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a confidentiality designation is being challenged and state the basis for such challenge.

12. <u>Challenging Use of "Highly Confidential" or "Attorney Only" Documents</u>. A Party may oppose the prohibition on providing "HIGHLY CONFIDENTIAL" or "ATTORNEY ONLY" documents to a Party by notifying the opposing party in writing. The Parties shall make a good faith attempt to resolve the dispute by agreement. If the Parties are unable to resolve the dispute, then the Party desiring to provide the document to a Party may file a motion with the Court to have the ability to show the document to their Party. Until a motion is filed and resolved by the Court, all documents and materials with which a "HIGHLY CONFIDENTIAL" or "ATTORNEY ONLY" designation is being challenged shall be treated in the manner that they have been designated by the Producing Party as prescribed in this Order. Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a challenge is asserted and state the basis for such challenge.

14. <u>Modification of Order</u>. Nothing in this Order shall preclude any Party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the Parties involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the Parties can agree in writing, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order.

15. <u>Inadvertent Production</u>. The inadvertent production pursuant to discovery by any Party of any document or communication that is protected by privilege, work product doctrine, or statutory confidentiality will not operate as a waiver of the Producing Party's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the Producing Party on timely written demand identifying the specific document(s). Any information, document, or thing mistakenly produced or disclosed without a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" designation may be subsequently designated by the producing party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or information. In each such case, the Producing Party shall provide to all other Parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph.

16. <u>Continuing Jurisdiction</u>. Unless superseded by later order, this Order shall remain in full force and effect after the termination of this Action and the Parties agree that the Court may enforce the terms of this Order and/or redress any violations thereof.

17. <u>Non-Parties</u>. The existence of this Order may be disclosed to any non-party producing documents or information in this Action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order. By availing themselves of the protections of this Order, such non-parties consent to the jurisdiction of the Court for purposes of enforcing the terms of this Order only.

18. <u>Exclusions</u>. The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY" shall not apply to:

(a) any information, document, or thing which, at the time of disclosure to a Receiving Party, is in the public domain in its protected form;

(b) any information, document, or thing which, after disclosure to a Receiving Party, becomes part of the public domain in its protected form as a result of publication not involving a violation of this Order;

(c) any information, document, or thing which a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; or

(d) any Party who produced the information, document, or thing designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY ONLY"

It is so ORDERED.

Judge: _____

Date: May 29, 2013

## Exhibit A

## ACKNOWLEDGEMENT

I have received and read a copy of the Protective Order dated [_____] 2013 entered in the action entitled *Wyndham Vacation Resorts, Inc. v. The Consulting Group, Inc., et al.* 2:12-0096, and I understand and agree to be bound by the terms of the Protective Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court for the Middle District of Tennessee for purposes of enforcement of the Protective Order. I understand that unauthorized use or disclosure of documents or information subject to the Protective Order may be punished by monetary or other sanctions.

Dated: 5-28-2013

_____
BPR 024777

## Exhibit A

## ACKNOWLEDGEMENT

I have received and read a copy of the Protective Order dated [_____] 2013 entered in the action entitled *Wyndham Vacation Resorts, Inc. v. The Consulting Group, Inc., et al.* 2:12-0096, and I understand and agree to be bound by the terms of the Protective Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court for the Middle District of Tennessee for purposes of enforcement of the Protective Order. I understand that unauthorized use or disclosure of documents or information subject to the Protective Order may be punished by monetary or other sanctions.

Dated: 05-28-13

*[signature]*
Doug Hanson
017387