UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00096 |
| | ) | Judge Aleta A. Trauger |
| v. | ) | |
| | ) | |
| THE CONSULTANT GROUP, SMOKEY MOUNTAIN GETAWAYS, LLC, MOUNTAIN GETAWAYS, LLC, JEFF EARLE, SUPERIOR VACATIONS, INC. d/b/a SUPERIOR TIMESHARE CLOSING, RAY SPIGNER, MICHAEL DEAN SPIGNER, CHARLES SIMERKA, JUDITH McGINTY, DANIEL GARRETT, and CHRISTAL FRANKLIN, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff WVR has filed a Motion for Case Management Conference (Docket No. 200), to which defendants Jeff Earle and SMG filed a Response (Docket No. 208), and WVR filed a "Reply/Partial Motion to Strike" (Docket No. 210), which was docketed as a pending motion.[1] WVR contends that Earle and SMG have not provided relevant discovery. Earle and SMG contend that WVR's representations to the court about Earle and SMG's participation in the discovery process are disingenuous and that Earle and SMG are prepared to participate in this case.

Based on the communications among counsel contained in the record, Earle and SMG apparently sought to avoid participating in discovery pending the court's resolution of its Rule 12(b)(6) motion. In a separate Memorandum and Order addressing that

---

[1] The parties are defined as described in the court's May 14, 2014 Memorandum related to the defendants' Rule 12 Motions.

1

motion (as well as the Rule 12(c) motion filed by the Spigner Defendants), the court has held that all but one of WVR's claims against Earle and SMG will proceed. This ruling presumably moots the ongoing dispute between WVR and Earle/SMG.

In light of the court's rulings, the court expects that the parties will now confer in an effort to come up with appropriate extensions of the deadlines in this case. The parties shall submit proposed revised deadlines for the court's consideration no later than May 23, 2014. If the parties cannot agree to proposed deadlines, the court will schedule a Case Management Conference to resolve the issue. Be that as it may, the record indicates that these parties and their attorneys are capable of cooperating, and the issues presented lend themselves to mutual agreement and accommodation going forward.

On a final note, the court finds no need to strike Earle and SMG's Response.

Accordingly, WVR Motion for Case Management Conference (Docket No. 200) is **DENIED** and WVR's Motion to Strike (Docket No. 210) is **DENIED**.

Enter this 15th day of May 2014.

_____
ALETA A. TRAUGER
United States District Judge