```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                    COOKEVILLE DIVISION
```

WYNDHAM VACATION RESORTS, INC.,  )
                                 )
        Plaintiff                )
                                 )      No. 2:12-0096
v.                               )      Judge Trauger/Brown
                                 )      **Jury Demand**
THE CONSULTING GROUP, INC.,      )
*et al.*,                        )
                                 )
        Defendants               )

## O R D E R

Since a motion was filed by the Plaintiff to prohibit the destruction of evidence as to Smokey Mountain Getaways by the Plaintiff (Docket Entry 238) on June 24, 2014, the parties have begun to file increasingly heated pleadings and additional motions to strike and for sanctions (Docket Entries 256, 257, 259). There have also been requests to file replies and surreplies, which appear to be of ever increasing lengths.[1]

Some of the motions are not well described by the parties filing them. For instance, Docket Entry 256 is listed as a "MOTION for Leave to Denial of Plaintiff's Motion Docket No. 238." The actual motion is for leave to file a surreply. Counsel need to be careful in listing what their motion is about. Plaintiff's original motion with attachments is 235 pages long. Much of it is not particularly relevant to the actual issue. The Magistrate Judge is not going to blindly root for truffles in their pleadings.

The Magistrate Judge fails to see why Wyndham would not list known owners. This is not trial by ambush. On the other

---

[1] Surely, the parties can agree on the current name of the parties and quit wasting time and paper saying a party is incorrectly named.

hand, SMG is protesting too much about not furnishing requests to rescind or actual rescissions and all complaints made against them.

The motion to file a surreply (Docket Entry 256) is **GRANTED** only so far as the **Clerk** will file the **attached** surreply (Docket Entry 256-2).[2] The parties are directed to not file any more motions concerning striking of pleadings. This Magistrate Judge feels he is fully capable of seeing what needs to be struck and what does not without further assistance of counsel.

Counsel are cautioned that the Magistrate Judge is extremely disappointed with the pleadings that have been referred to him in this matter. Both sides are losing sight of the legal issues and resorting to name calling. The Magistrate Judge does not intend to referee a mud wrestling contest between counsel.

This matter is set for an in-court hearing on all the pending motions which have been referred to the undersigned by Judge Trauger on **August 5, 2014, at 2:00 p.m., Courtroom 783**.[3]

The Magistrate Judge expects the parties to be prepared to explain their various accusations in this case and either withdraw them or support them. If there is truly unethical conduct the conduct must be reported to the Board of Professional Conduct. (*See* Tennessee Supreme Court Rule 8.4(a)). The Magistrate Judge may consider sanctions against both sides in this case. Apparently, the

---

[2]Any further replies filed in matters before me are limited to **five pages**.

[3]Two days prior to the hearing the parties will submit a JOINT STATEMENT **succinctly** stating, without further argument, the issues that remain in this case regarding Docket Entry 238.

parties have a serious dispute over discovery requests dealing with requests to rescind contracts and rescinded contracts and consumer complaints. The Magistrate Judge is seriously considering cutting through this excessive verbiage and directing the Defendant to provide all rescission requests, rescinded contracts and consumer complaints without arguing over whether they are Wyndham's or someone else's. If documents relating to these requests have actually been destroyed after notice of this litigation spoliation will be a serious issue. If the parties can resolve the discovery issues the spoliation issues are reduced.

The parties need to actually talk to each other. Snippy emails or unanswered correspondence and calls are not good faith discussions between counsel as required by the rules.

It is so **ORDERED**.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge