UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF TENNESSEE AT NASHVILLE

WYNDHAM VACATION
RESORTS, INC., et al.

    Plaintiff,

VS.

THE CONSULTANT GROUP, et al.

    Defendants.

Case No. 2:12-cv-00096

**JURY DEMAND**

## VOLUNTARY CONSENT ORDER ENTERING PERMANENT INJUNCTION AND DISMISSING CASE

Plaintiff Wyndham Vacation Resorts, Inc., and Defendants Jeff Earle ("Earle") and SMG at Town Square, LLC ("SMG") (misidentified in the above styled caption as SMG, LLC and Mountain Getaways, LLC) (Wyndham Vacation Resorts, Inc., Earle and SMG are herein collectively referred to as the "Parties") are in agreement, as evidenced by signatures of the Parties and of their counsel below, and it further appearing to the Court that there is good cause for entry of this Voluntary Consent Order Entering Permanent Injunction and Dismissing Case including the agreed upon and consented to Permanent Injunction, and that the interests of justice require entry of this Consent Order arising as a result of the Parties' settlement of this dispute.

On July 25, 2013, Wyndham Vacation Resorts, Inc., and its affiliate Wyndham Vacation Management, Inc., filed this action in the United States District Court for the Middle District of Tennessee at Nashville, Case No.: 2:12-cv-00096 (the "Action").

Defendants Earle and SMG each filed an Answer and Defenses to the Action, denying any and all substantive claims asserted against them therein;

{00486362.DOCX / }

The Parties have reached a settlement of the Action and believe that the terms and provisions of this Consent Order are fair, equitable and the result of an arms-length, bargained-for-exchange; and

The Parties have agreed to enter this Consent Order in connection with settlement of the Action;

Therefore, for good and valuable consideration, the sufficiency of which is hereby acknowledged, and in consideration of the mutual covenants and agreements to be performed as hereinafter set forth, the Parties agree as follows:

## TERMS AND CONDITIONS

1. Hereinafter, the term "Wyndham" shall include Wyndham Vacation Resorts, Inc., Wyndham Vacation Management, Inc., Wyndham Resort Development Corp., Shell Vacations, LLC, Wyndham Worldwide Corporation, Wyndham Vacation Ownership, Inc., and each of their respective parent, subsidiary and/or affiliate companies.

2. SMG and Earle, along with his heirs, successors and assigns, agree to be and are permanently enjoined from owning or engaging in any business seeking to fraudulently cancel Wyndham contracts, fraudulently transfer or sell Wyndham contracts, fraudulently reduce or eliminate Wyndham owner's obligations to pay Wyndham (or any related entity) debt or maintenance fees and/or fraudulently take Wyndham properties or products in on trade for vacation club packages or other timeshare or vacation services. Earle and SMG each agree, jointly and severally, to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

3. SMG and Earle, along with his heirs, successors and assigns, agree to be and are permanently enjoined from holding themselves out to the public as employees, agents or representatives of Wyndham. Earle and SMG each agree, jointly and severally, to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

4. SMG and Earle, along with his heirs, successors and assigns, agree to be and are permanently enjoined from transferring, causing to be transferred, or facilitating the transfer of any Wyndham deeds, Wyndham contracts or products offered by Wyndham to individuals that have neither consented to the transfer nor have knowledge of the specific transfer. Earle and SMG each agree, jointly and severally, to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

5. SMG and Earle, along with his heirs, successors and assigns, agree to be and are permanently enjoined from conveying or from knowingly facilitating the conveyance of Wyndham deeds, Wyndham contracts or products offered by Wyndham to sham entities and sham individuals. Earle and SMG each agree, jointly and severally, to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

6. SMG and Earle, along with his heirs, successors and assigns, agree to be and are permanently enjoined from charging or quoting upfront fees for the sale of or transfer of Wyndham deeds without having a legitimate, non-sham, third-party purchaser in place to accept conveyance of the deeds. Earle and SMG each agree, jointly and severally, to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

7. SMG and Earle, along with his heirs, successors and assigns, agree that the Injunction provisions set forth in Paragraphs (2) through (6) shall apply to and be binding upon Earle and SMG, whether acting through their principals, officers, directors, shareholders, representatives, employees, agents, independent contractors, successors and assigns, or acting through any limited liability company, corporation or other business entity whose acts, practices or policies are directed, formulated, or controlled in whole or in substantial part by Earle and/or SMG.

8. The Parties agree that there is a likelihood of irreparable harm to Wyndham if Earle or SMG violates any or all of the Injunction provisions set forth in Paragraphs (2) through (6); that a violation of any or all the Injunction provisions set forth in Paragraphs (2) through (6) would result in losses or harm to Wyndham for which there are no available or adequate remedies at law; that the nature of the harm posed to Wyndham outweighs any potential harm to Earle and SMG; and that entry of the Permanent Injunction does not contravene public interest.

9. By execution and entry of this Consent Order, including the agreed upon and consented to Permanent Injunction and based upon Earle's and SMGs' (individually and collectively) agreements outlined in Paragraphs (2) through (6), the Parties stipulate that all claims in this action by Wyndham Vacation Resorts, Inc., against Earle and SMG are hereby **dismissed with prejudice** and judgment entered consistent with the terms herein.

10. This Consent Order does not constitute and shall not be deemed to be an admission of any liability or wrongdoing on the part of Earle or SMG, or an admission that Earle or SMG violated any federal, state or local statute, regulation or common law, the same being expressly denied.

11. Each Party agrees to bear his or its own costs and attorneys' fees and his or its portion of any court costs.

12. The Court retains jurisdiction over the Parties and this case for the sole purposes of construing, interpreting, enforcing, or implementing the terms of this Consent Order including the Permanent Injunction and Injunction provisions.

It is so ORDERED.

Judge: _/s/_

Date: 9/19/14

IN WITNESS WHEREOF, the undersigned have hereunder set their hands and seals or caused these presents to be signed the day and year written below.

_____
Witness

**For Wyndham Vacation Resorts, Inc.:**

By: _Cindy_____
Print Name: Cindy Ross
Title: SVP
Date: 9/10/14

_____
Witness

**Earle:**

_____
Date: 9/11/14

_____
Witness

**For SMG:**
By: _____
Print Name: Jeff Earle
Title: Product
Date: 9/11/14

{00486362.DOCX / }

Respectfully submitted,

Attorneys for Plaintiff:

KING & BALLOW

By: /s/ R. Douglas Hanson, II
R. Eddie Wayland BPR 6045
R. Douglas Hanson, II BPR 017387
Andrew W. Coffman BPR 27160
rew@kingballow.com
dhanson@kingballow.com
acoffman@kingballow.com
Attorneys for Wyndham Vacation Resorts, Inc.
1100 Union Street Plaza
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Tel: (615) 259-3456
Fax: (615) 726-5417

Attorneys for Jeff Earle and Smokey Mountain Getaways at Town Square, LLC

| /s/ Robert M. Garfinkle | /s/ Joseph C. Sullivan |
|---|---|
| Robert M. Garfinkle (Tenn. Bar. No. 5354) | Joseph C. Sullivan (Ga. Bar No. 153098) |
| bgarfinkle@gmylaw.com | jsullivan@taylorenglish.com |
| Garfinkle, McLemore & Young, PLLC | Admitted Pro Hac Vice |
| 2000 Richard Jones Road, Suite 250 | Taylor English Duma LLP |
| Nashville, Tennessee 37215 | 1600 Parkwood Circle- Suite 400 |
| Telephone: (615) 383-9495 | Atlanta, Georgia 30339 |
| Facsimile: (615) 292-9848 | Telephone: (770) 434-6868 |
| | Facsimile: (770) 434-7376 |