UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF TENNESSEE AT NASHVILLE

WYNDHAM VACATION
RESORTS, INC.,

      Plaintiff,

VS.                                                     Case No. 2:12-cv-00096

THE CONSULTANT GROUP, et al.               JURY DEMAND

      Defendants.

## VOLUNTARY CONSENT ORDER ENTERING PERMANENT INJUNCTION AND DISMISSING CASE

Plaintiff Wyndham Vacation Resorts, Inc., and Defendant, Superior Vacations, Inc., d/b/a Superior Timeshare Closing ("Superior") (collectively "Parties"), are in agreement, as evidenced by signatures of the Parties and of counsel below, and it further appearing to the Court that there is good cause for entry of this Voluntary Consent Order Entering Permanent Injunction and Dismissing Case including the agreed upon and consented to Permanent Injunction, and that the interests of justice require entry of this Consent Order arising as a result of the Parties' settlement of this dispute.

On September 28, 2012, Wyndham Vacation Resorts, Inc., filed this action in the United States District Court for the Middle District of Tennessee at Nashville, Case No.: 2:12-cv-00096 (the "Action").

1

The Parties have reached a settlement of the Action and believe that the terms and provisions of this Consent Order are fair, equitable and the result of an arms-length, bargained-for-exchange; and

The Parties have agreed to enter this Consent Order in connection with settlement of the Action;

Therefore, for good and valuable consideration, the sufficiency of which is hereby acknowledged, and in consideration of the mutual covenants and agreements to be performed as hereinafter set forth, the Parties agree as follows:

## TERMS AND CONDITIONS

1. Hereinafter, the term "Wyndham" shall include Wyndham Vacation Resorts, Inc., Wyndham Vacation Management, Inc., Wyndham Resort Development Corp., Shell Vacations, LLC, Wyndham Worldwide Corporation, Wyndham Vacation Ownership, Inc., and each of their respective parent, subsidiary and/or affiliate companies.

2. Superior agrees to be and is permanently enjoined from owning or engaging in any business seeking to cancel Wyndham contracts, transfer or sell Wyndham contracts, reduce or eliminate Wyndham owners' obligations to pay Wyndham (or any related entity) debt or maintenance fees and/or take Wyndham properties or products in on trade for vacation club packages or other timeshare or vacation services. Superior agrees to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The

Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

3. Superior agrees to be and is permanently enjoined from holding itself out to the public as employees, agents or representatives of Wyndham. Superior agrees to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

4. Superior agrees to be and is permanently enjoined from transferring, causing to be transferred, or facilitating the transfer of any Wyndham deeds, Wyndham contracts or products offered by Wyndham to individuals that have neither consented to the transfer nor have knowledge of the specific transfer. Superior agrees to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

5. Superior agrees to be and is permanently enjoined from conveying or facilitating the conveyance of Wyndham deeds to sham entities and sham individuals. Superior agrees to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation

of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

6. Superior agrees to be and is permanently enjoined from charging or quoting upfront fees for the sale of or transfer of Wyndham deeds without having a legitimate, non-sham, third-party purchaser in place to accept conveyance of the deeds. Superior agrees to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach or violation of this provision. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

7. Superior agrees and is hereby enjoined from selling or facilitating the sale of any Wyndham deeds, Wyndham contracts or products offered by Wyndham. Superior agrees to pay Wyndham liquidated damages in the amount of $5,000 for each separate breach and violation of this Paragraph 7. The Parties agree that a liquidated damages provision is necessary and appropriate due to the difficulty in quantifying the degree of losses, damages or harm posed by a violation of this provision with any mathematical certainty.

8. Superior agrees that the Injunction provisions set forth in Paragraphs (2) through (7) shall apply to and be binding upon Superior, whether acting through its principals, officers, directors, shareholders, representatives, employees, agents, independent contractors, successors and assigns, or acting through any limited liability company, corporation or other business entity

4

Case 2:12-cv-00096   Document 608   Filed 01/13/16   Page 4 of 6 PageID #: 5139

whose acts, practices or policies are directed, formulated, or controlled in whole or in substantial part by Superior.

9. The Parties agree that there is a likelihood of irreparable harm to Wyndham if Superior violates any or all of the Injunction provisions set forth in Paragraphs (2) through (7); that a violation of any or all the Injunction provisions set forth in Paragraphs (2) through (7) would result in losses or harm to Wyndham for which there are no available or adequate remedies at law; that the nature of the harm posed to Wyndham outweighs any potential harm to Superior; and that entry of the Permanent Injunction does not contravene public interest.

10. By execution and entry of this Consent Order, including the agreed upon and consented to Permanent Injunction and based upon Superior's agreements outlined in Paragraphs (2) through (7), the Parties stipulate that all claims in this action by Wyndham Vacation Resorts, Inc., against Superior are hereby **dismissed with prejudice** and judgment entered consistent with the terms herein.

11. Each Party agrees to bear its own costs and attorneys' fees and his or its portion of any court costs.

12. The Court retains jurisdiction over the Parties and this case for the sole purposes of construing, interpreting, enforcing, or implementing the terms of this Consent Order including the Permanent Injunction and Injunction provisions.

It is so ORDERED.

Judge: _[signature]_

For Wyndham Vacation Resorts, Inc.:

By: _[signature]_

Print Name: Kim Thompson

Title: Sr. Vice President

Date: 1/6/16


For Superior:

By: _[signature]_

Print Name: Dan Garrett

Title: Pres

Date: 12/16/15

6